UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| CARDIACSENSE LTD<br>6 LESHEM STREET<br>NORTH CAESAREA PARK<br>CAESAREA, ISRAEL 3079870,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SUUNTO<br>TAMMISTON KAUPPATIE 7 A<br>FI-01510 VANTAA, Finland,<br><br>　　　　Defendant. | Case No. 6:24-281 |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff CardiacSense LTD ("CardiacSense"), by its undersigned counsel, alleges as follows for its Complaint against Defendant Suunto ("Suunto").

**I.　THE NATURE OF THIS ACTION**

1. CardiacSense brings this action against Suunto pursuant to 35 U.S.C. §101 et. seq. and §§271, 281, 283, 284, & 285 inclusive, for infringement of one or more claims of U.S. Patent 7,980,998.

**II.　THE PARTIES**

2. Plaintiff CardiacSense is an Israeli corporation with a headquarters at 6 Leshem Street, North Caesarea Park, Caesarea, Israel 3079870.

3. Defendant **Suunto** is a Finnish company specializing in performance sports wearables. Suunto's headquarters is in Tammiston kauppatie 7 A FI-01510 Vantaa Finland. Suunto sells infringing products throughout the United States in partner stores such as REI.

**III.　JURISDICTION AND VENUE**

4. This is an action for patent infringement arising under the laws of the United States, 35 U.S.C. §271 et seq.

5. This Court has subject matter jurisdiction over this action pursuant to 35 U.S.C.

§§271, 281 and 28 U.S.C. §§1331 and 1338(a), federal question.

6. This Court has personal jurisdiction over Defendant Suunto because Defendant is a foreign corporation and has committed acts of infringement in this district.

7. Venue is proper in this Court as against Defendant Suunto under 28 U.S.C. § 1391(c)(3) because Defendant Suunto is a foreign corporation. In addition, Suunto has committed acts of infringement and imports infringing products into this District.

IV. BACKGROUND AND GENERAL ALLEGATIONS

8. Eldad Shemesh and Liat Shemesh-Granot filed a patent application for their invention which provides a training device for measuring a training activity. Their inventive device was granted United States Patent 7,980,998 ("the '998 patent").

9. Defendant manufactures and sells products known generally as training devices, including the following:

Suunto 9 Peak Pro,
Suunto 9 Peak,
Suunto 5 Peak,
Suunto Ambit 2,
Suunto Vertical,
Suunto Traverse Alpha



10. The accused Suunto products infringe claims of the '998 Patent.

11. On July 19th, 2011, United States Patent No. 7,980,998, entitled "Training and

Instructing Support Device" was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). The '998 Patent claims patent-eligible subject matter and is valid and enforceable. CardiacSense is the exclusive owner by assignment of all rights, title, and interest in the '998 Patent, including the right to bring this suit for injunction and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '998 Patent. Defendant is not licensed to the '998 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '998 patent whatsoever. A true and correct copy of the '998 Patent is attached hereto as **Exhibit A**.

12. The '998 Patent is referred to herein as the "Patent-in-Suit." Plaintiff is the owner of the entire right, title, and interest in the Patent-in-suit. The patent-in-suit is presumed valid under 35 U.S.C. § 282.

## V. THE PATENT

13. The claims of the '998 patent are directed to "A personal device for measuring a training activity of a trainee." Claim one of the '998 patent recites:

> A personal device for measuring a training activity of a trainee having a body part which moves and changes its location and orientation, during said training activity, this movement at least partially defining said training activity, said device comprising:
>
> (a) a sensing unit adapted to repeatedly measure, during said training activity, parameters associated with the movement of said body part and characterizing the location and orientation of said body part relative to its initial location and orientation, and wherein said sensing unit comprising at least accelerometer means, a compass and optionally gyroscope means, said accelerometer means being adapted to measure linear acceleration of said body part along three axes, said gyroscope means being adapted to measure angular acceleration of said body part around said three axes, and said parameters being at least linear and angular acceleration values;
>
> (b) means for attaching the sensing unit to said body part; and
>
> (c) a processor adapted to receive from the sensing unit said parameters, and to calculate based thereon, data indicative of said training activity, said data including at least the location and orientation of said body part for each of the measurements.

## VI. INFRINGEMENT

14. Suunto training devices and components infringe claims of the '998 patent, for example, the Suunto 9 Peak Pro:



15. Defendant has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '998 patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's Accused Products.

16. Defendant also indirectly infringes the '998 patent by actively inducing the direct infringement by third parties under 35 U.S.C. §271(b). Defendant has knowingly and intentionally actively aided, abetted and induced others to directly infringe at least one claim of the '998 patent, including its customers throughout the United States. Defendant continues to induce infringement of the '998 patent. Defendant has contributorily infringed and continue to be contributory infringers under 35 U.S.C. §271(c) because, with knowledge of the '998 patent, they supply a material part of an infringing device, where the material part is not a staple article of commerce, and is incapable of substantial noninfringing use. Defendant contributes to its customers' infringement because, with knowledge of the '998 patent, Defendant supplies the technology that allows its customers to infringe the patent.

17.     Plaintiff has conducted a detailed analysis, establishing and confirming that Defendant's Accused Products directly infringe and when used according to Defendant's instructions for operation, indirectly infringe claims of the '998 Patent.

18.     Attached as **Exhibit B** to the Complaint is a claim chart demonstrating the correspondence of the operation of the accused products with elements of exemplary claims of the '998 patent.

19.     Defendant and its customers have continued infringement.

20.     The accused products satisfy the elements of the asserted claims, shown below is an example of infringement of claim 1 by the Suunto 9 Peak Pro:

CLAIM 1:

> A personal device for measuring a training activity of a trainee having a body part which moves and changes its location and orientation, during said training activity, this movement at least partially defining said training activity, said device comprising:



**The Suunto 9 Peak Pro is a training device to be worn on the wrist of a trainee.**

> Your watch first tries to detect if you are swimming by analyzing repetitive hand movement using the built-in accelerometer, a motion sensor. Once your watch has detected that you are swimming, it will try to detect when you make a turn by analyzing irregularities in your hand movement.

      (a) a sensing unit adapted to repeatedly measure, during said training activity, parameters associated with the movement of said body part and characterizing the location and orientation of said body part relative to its initial location and orientation, and wherein said sensing unit comprising at least accelerometer means,

> The following article will explain how the pool swimming sport mode works and provide practical tips and troubleshooting steps.
>
> **How it works**
>
> During pool swimming, your Suunto does not calculate the actual distance you are swimming (no GPS tracking). Instead, it calculates the number of pool lengths you swim, which means the distance from one end of the pool to the other.
>
> - **Tip**: Adjust the pool length (25m/yd, 50m/yd, etc.) in the **Options** menu below the **Pool swimming** sport mode exercise start screen.
>
> Your watch first tries to detect if you are swimming by analyzing repetitive hand movement using the built-in accelerometer, a motion sensor. Once your watch has detected that you are swimming, it will try to detect when you make a turn by analyzing irregularities in your hand movement.
>
> - **Important**: To make sure your watch detects your turn correctly, end your turn by pushing against the pool wall and adding an extended gliding phase after the turn.

      a compass



      and optionally gyroscope means,



said accelerometer means being adapted to measure linear acceleration of said body part along three axes, said gyroscope means being adapted to measure angular acceleration of said body part around said three axes, and said parameters being at least linear and angular acceleration values;

**The Suunto 9 Peak Pro has an accelerometer, gyroscope, and compass.**

(b) means for attaching the sensing unit to said body part; and



**The Suunto 9 Peak Pro has a watch strap that attaches the sensing unit to the user's wrist.**

> (c) a processor adapted to receive from the sensing unit said parameters, and to calculate based thereon, data indicative of said training activity, said data including at least the location and orientation of said body part for each of the measurements.

**The Suunto 9 Peak Pro tracks the location of the user's wrist to determine how many strokes the user has performed while swimming.**



**The Suunto 9 Peak Pro shows the user data related to that training activity, swimming activity data.**

21. Defendant has infringed, and continues to infringe, at least claims 1-7, 10, and 12-14 of the '998 Patent, under 35 U.S.C. § 271(a)(b) and/or (c), by (a) making, using, offering to sell, selling and/or importing into the United States, devices that infringe the asserted claims in the United States, (b) by inducing others to use the accused products and/or sell the accused products in the United States, (c) by contributing to the infringement of others and by selling components of the patented devices and (b & c) by selling a product for performing the patented process. Defendant continues to manufacture, use, offer to sell, sell and import accused products. The accused products are also being used to infringe. Defendant continues to sell accused products inducing and contributing to infringement by others and also continue to perform infringing activity in the United States.

22. The Accused Products, including the Suunto 9 Peak Pro, when using the native/provided "Suunto" applications, are infringing devices. Thus Suunto with its native applications directly infringes '998 Claims 1-7, 10, and 12-14.  The Accused Devices include a training activity monitoring device as well as software and thus directly infringe '998 Claims 1-7, 10, and 12-14.

23. The Suunto watch can connect with the "Suunto" app that runs on a mobile phone.  The Suunto watch, in combination with the "Suunto" app running on a mobile phone, is also an infringing device that directly infringes '998 Claims 1-7, 10, and 12-14 under 35 USC 271(a).

24. The '998 patent is also infringed under 35 USC 271(a) when an accused product is "used" by Defendant alongside the "Suunto" applications to perform the monitoring training of claims 1-7, 10, and 12-14 of the '998 patent.  The '998 patent is infringed under 271(b)

when Defendant "induces" others, the direct infringers, the users of the watch that are exercising, to use the device with the software as an infringing device.

25. Upon information and belief, Defendant has directly infringed one or more of claims of the '998 patent under 35 USC §271(a):

> "(a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.

by engaging in accused activity including making, using, offering to sell, selling and importing accused products in the United States. Defendant continues to infringe claims of the '998 Patent.

26. Upon information and belief, Defendant has indirectly infringed one or more of the claims of the '998 patent under 35 USC §271(b):

> (b) Whoever actively induces infringement of a patent shall be liable as an infringer.

by providing accused products, with instructions, which are used according to the instructions and thereby inducing others to use the products in an infringing manner.

27. As a result of Defendant's infringement of the '998 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

## VII. COUNT I -- INFRINGEMENT OF U.S. PATENT NO. 7,980,998

28. The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

29. Defendant Suunto has infringed, and continues to directly infringe, at least claims 1-7, 10, and 12-14 of the '998 Patent, under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Accused Products in the United States.

30. Upon information and belief, Defendant Suunto has indirectly infringed one or more of the claims of the '998 patent under 35 USC §271(b) by providing accused products, with instructions, which are used according to the instructions and thereby inducing others to use the products in an infringing manner.

31. Defendant does not have a license or authority to use the '998 Patent.

32. As a result of Suunto's infringement of the '998 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

**VIII. PRAYER FOR RELIEF**

A. For a judgment declaring that Suunto has infringed the '998 Patent.

B. For a grant of a permanent injunction pursuant to 35 U.S.C. §283, enjoining Suunto from further acts of infringement;

C. For a judgment awarding Plaintiff compensatory damages as a result of Suunto's infringement sufficient to reasonably and entirely compensate Plaintiff for infringement of the '998 Patent in an amount to be determined at trial;

D. For a judgement and order awarding a compulsory ongoing royalty;

E. For a judgment declaring that this case is exceptional and awarding Plaintiff its expenses, costs and attorneys' fees in accordance with 35 U.S.C. § 285 and Rule 54(d) of the Federal Rules of Civil Procedure;

F. For a judgment awarding Plaintiff prejudgment interest pursuant to 35 U.S.C. §284, and a further award of post judgment interest, pursuant to 28 U.S.C. §1961, continuing until such judgment is paid; and

G. For such other relief to which Plaintiff is entitled under the applicable United States laws and regulations or as this Court deems just and proper.

**IX. DEMAND FOR JURY TRIAL**

Pursuant to the Federal Rules of Civil Procedure Rule 38(b), Plaintiff hereby demands trial by jury as to all claims in this litigation.

Respectfully submitted,

*/s/ Joseph J. Zito*
Joseph J. Zito

DNL ZITO CASTELLANO
1250 Connecticut Avenue, NW
#700
202-466-3500
jzito@dnlzito.com

*Attorney for CardiacSense, LTD*